```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION


RANDY WHITEHEAD                                        PLAINTIFF

     v.                   Case No. 06-6041

DELTA BEVERAGE GROUP, INC.,
d/b/a PEPSIAMERICAS, INC.;
LISA VAUGHN INDIVIDUALLY AND
IN HER CAPACITY AS HUMAN RESOURCE
MANAGER WITH PEPSIAMERICAS, INC.;
AND BRETT DINGLER INDIVIDUALLY
AND IN HIS CAPACITY AS REGIONAL
SUPERVISOR WITH PEPSIAMERICAS, INC.                   DEFENDANTS
```

MEMORANDUM OPINION

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint and Brief in Support (Docs. 6 & 7), Plaintiff's Amended Complaint[1] (Doc. 2), and Plaintiff's Response and Brief in Support (Docs. 15 & 16).  Based on the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

**A. Background**

The following facts are stated in a light most favorable to Plaintiff's position.  Plaintiff, Randy Whitehead, worked as an at-will employee for PEPSIAMERICAS, INC. (PEPSI), for six years and reached the status of senior territory sales manager before his employment was terminated on May 27, 2005.

---

[1] Plaintiff's Amended Complaint only modified the name of Defendant PEPSI from "PEPSIAMERICAS, INC." to "Delta Beverage Company, Inc. d/b/a PEPSIAMERICAS, INC." (Doc. 1 & 2).

On or about May 21, 2005, the Plaintiff and his wife went to Docker's Sports Bar & Grill (Docker's) in Hot Springs, Arkansas, for a meeting with the manager and several employees of Docker's to discuss a number of business related issues between PEPSI and Docker's. Shortly after that meeting finished, a female employee became intoxicated and allegedly acted in an unbecoming manner. The female employee allegedly showed her breasts on a number of occasions to patrons of the establishment. (Doc. 2, ¶ 9). Plaintiff contends he was not present while this was occurring. *Id*.

On May 27, 2005, Plaintiff was called into a meeting and informed that PEPSI and its agents would like to discuss a number of situations and Plaintiff's actions. Plaintiff answered some questions, was dismissed, and informed to wait for further instruction. Within the hour, Plaintiff was told by PEPSI that he was terminated for an alleged policy violation. Plaintiff alleges that Defendant Brett Dingler (Dingler), regional manager for PEPSI, stated he believed that Plaintiff had taken the female employee out and enticed her to become intoxicated and to expose her body publicly. (Doc. 2, ¶ 13). This was based on information received by Lisa Vaughn, Director of Human Resources for PEPSI, during prior interviews with ten (10) of Plaintiff's employees from the Hot Springs

facility.

On August 4, 2006, Plaintiff filed a Complaint against the Defendants alleging four causes of action: (1) Deprivation of Constitutional Rights and Privileges under 42 U.S.C. § 1983; (2) a claim under 42 U.S.C. §§ 1983 and 1985; (3) Defamation; (4) Wrongful Discharge, and also sought a Declaratory Judgment.  On October 2, 2006,[2] Defendants filed a joint response with a Motion to Dismiss (Doc. 6).  The Defendants' motion to dismiss contends: (1) Plaintiff's 42 U.S.C. § 1983 action must be dismissed because Defendants are private actors and there is no allegation Defendants acted "under color of law;" (2) Plaintiff's employment with Defendant PEPSI was at-will and therefore no due process attached; (3) Plaintiff's complaint was devoid of any allegation of discrimination based on a protected status; (4) the Arkansas Supreme Court has made it clear that employer's cannot be liable for intentional infliction of emotional distress for terminating an at-will employee; and (5) the complaint fails to state a claim for defamation.

**B. Motion to Dismiss Standard of Review**

In ruling on a motion to dismiss, the district court must

---

[2] On October 10, 2006, the Clerk's Office entered a Default Judgment against Separate Defendant Dingler (Doc. 13).  The record indicates Separate Defendant Dingler was served on September 8, 2006, and the other Defendants were served on September 11, 2006.  On October 10, 2006, Separate Defendant Dingler filed a Motion to Set Aside the Clerk's entry of default (Doc. 14) and this Court granted that order on October 20, 2006 (Doc. 17).

accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the plaintiff's favor and "'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

**C. Analysis**

In Plaintiff's response (Doc. 16), he agrees that his claims filed under 42 U.S.C. §§ 1983 and 1985 are without merit and were filed with no basis to support such claims. Accordingly, that portion of Plaintiff's Amended Complaint is dismissed without discussion. Plaintiff's claims remain for intentional infliction of emotional distress, defamation, and for wrongful termination.

Plaintiff alleges that conduct of Defendant Lisa Vaughn was so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. (Doc. 2). The elements of the tort of intentional infliction of emotional distress are "extreme and outrageous conduct,

willfully or wantonly performed, which caused severe emotional distress." *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202, 1206 (8th Cir. 1984). The Arkansas Supreme Court has held that outrageous conduct is "conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *M.B.M. Co., Inc., v. Counce*, 596 S.W.2d 681, 687 (Ark. 1980).

The Arkansas Supreme Court considered whether the discharge of an at-will employee constituted "extreme and outrageous conduct" for purposes of recovering damages for intentional infliction of emotional distress. The Court concluded that the employer was not liable for intentional infliction of emotional distress "for doing that which it had a legal right to do." *M.B.M. Co., Inc.*, 596 S.W.2d at 688.

Arkansas adheres to the employment-at-will doctrine. *Mertyris v. P.A.M. Transp., Inc.*, 832 S.W.2d 823, 825 (Ark. 1992), see also *St. Edward Mercy Medical Center v. Ellison*, 946 S.W.2d 726 (Ark. App. 1997).

> Generally, the law of this state [Arkansas] is that an employer or an employee may terminate an employment relationship at will. Under the employment-at-will doctrine, an at-will employee may be discharged for good cause, no cause, or even a morally wrong cause. Although the employment-at-will doctrine has been modified in some respects, it continues to represent the law of this state.

*Ellison*, 946 S.W.2d at 106 (citing *Crain Indus., Inc. V. Cass*, 810 S.W.2d 910 (Ark. 1991); *Smith v. American Greetings Corp.*, 804 S.W.2d 683 (Ark. 1991); *Kimble v. Pulaski Co. Special Sch. Dist.*, 921 S.W.2d 611 (Ark. 1996)).  As espoused by the Eighth Circuit, two exceptions to the at-will employment doctrine exist in Arkansas; i.e., "where a personnel manual specifies that termination will only be for cause and where the employment agreement itself specifies that termination will only be for cause."  *Allen v. City of Pocahontas*, 340 F.3d 551 (8th Cir. 2003).

Defendants contend that Plaintiff's employment with Defendant PEPSI was at-will.  Plaintiff has failed to identify any contract, state statute, or other document that established a property interest in his continued employment.  Plaintiff's response to the Defendants' motion to dismiss does briefly mention, and refers to the Complaint, which cites a policy manual that sets forth the terms and conditions of Plaintiff's employment.  The reference is to a policy manual of PEPSI, but it appears from paragraph 57 of the Complaint that Plaintiff's argument is that the policy manuals of PEPSI are unconstitutional.  There is no further showing or suggestion that Plaintiff was working under any personnel manual.

Terminating an at-will employee is not a basis for a

claim of intentional infliction of emotional distress under Arkansas law. There is no violation, constitutional or otherwise, for the enforcement of the at-will employment law, and accordingly, Plaintiff's cause of action for intentional infliction of emotional distress must be dismissed.

The following elements are necessary to establish a claim for defamation in Arkansas: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Southall v. Little Rock Newspapers, Inc.*, 964 S.W.2d 187, 192 (Ark. 1998). Defendants contend that Plaintiff has failed to allege the first three elements.

The Court finds that Plaintiff has not provided any defamatory statements, proof of any publication of any defamatory statement, or proof of any actual damages resulting from the alleged defamatory statements. Plaintiff has not suggested that these things are in existence, and has consequently not made a prima facie showing for a defamation cause of action. Therefore, Plaintiff's cause of action for defamation must be dismissed.

Finally, the Court addresses Plaintiff's wrongful termination claim. Plaintiff was an at-will employee for

PEPSI, and under Arkansas law, an at-will employee has a cause of action for wrongful discharge if the employee was discharged in violation of "well-established public policy of the state." *Sterling Drug, Inc., v. Oxford*, 743 S.W.2d 380, 382 (Ark. 1988).  The Court is unable to find, within the record, any violation of public policy by PEPSI through the termination of Plaintiff.  Therefore, Plaintiff's cause of action for wrongful termination must also be dismissed.

**D. Conclusion**

For the reasons stated above, the Defendants' motion to dismiss is **GRANTED** and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 27th day of December, 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge